25-1112
*Franco Morales v. United States Department of Labor*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of August, two thousand twenty-six.

PRESENT: GUIDO CALABRESI,
STEVEN J. MENASHI,
SARAH A. L. MERRIAM
*Circuit Judges.*

_____

ALBERTO FRANCO MORALES,

     *Petitioner,*

    v.                       No. 25-1112

UNITED STATES DEPARTMENT OF LABOR, SOC, LLC, TRIPLE CANOPY, INCORPORATED, CONTINENTAL INSURANCE COMPANY,

     *Respondents.*

_____

 *For Petitioner:*                Matthew J. Rolla, Garfinkel Schwartz, P.A., Maitland, FL.

*For Respondents SOC, LLC, and Continental Insurance Company:*     Edwin B. Barnes, Thomas Quinn, LLP, San Francisco, CA.

*For Respondents Triple Canopy, Inc., and Continental Insurance Company:*     Sherman W. Jones, III, Emily M. Welch, Markovich Grover, PLLC, Houston, TX.

Upon due consideration of this petition for review of a decision of the Benefits Review Board, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the petition for review is **DENIED**.

Petitioner Alberto Franco Morales, a native and resident of Peru, seeks review of a final order of the Benefits Review Board denying his claim for compensation and medical benefits under the Longshore and Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. § 901 *et seq.*, as extended by the Defense Base Act ("DBA"), 42 U.S.C. § 1651 *et seq.* In 2008, Franco Morales began working in Iraq as a border security guard for Triple Canopy, Inc., a private security contractor. Franco Morales testified that he experienced several traumatic incidents during his employment, including a December 2008 mortar attack that caused workers to be thrown into the air, a 2009 mortar strike approximately seventy meters from his position, and a 2010 mortar strike on the roof of his camp. He testified that after the 2010 incident, he had difficulty sleeping and wore his helmet and vest to bed for the next month. In July 2011, Franco Morales's employment was transferred to SOC-SMG, Inc. ("SOC"), where he continued working as a security guard in Iraq and experienced another explosion near his camp. In September 2011, Franco Morales returned to Peru on vacation and ultimately decided not to return to Iraq, discontinuing his employment with SOC.

After returning to Peru, Franco Morales continued working in security positions for various employers from December 2011 through May 2020, apart from a brief period of unemployment in 2017. He first sought psychological

treatment in January 2020, when Dr. Angel Manrique and Dr. Eduardo Avila separately diagnosed him with post-traumatic stress disorder ("PTSD"). On February 13, 2020, Franco Morales filed a claim for compensation and medical benefits for psychological injury and hearing loss allegedly arising from his employment in Iraq. At the employers' request, Dr. Salma Khan evaluated Franco Morales in November 2021 and concluded that he did not have PTSD and was likely exaggerating his symptoms. Following a hearing, an administrative law judge ("ALJ") issued a decision on June 28, 2023, awarding benefits for Franco Morales's hearing-loss claim but denying benefits for his alleged psychological injury. The ALJ gave no weight to Dr. Manrique's diagnosis, minimal weight to Dr. Avila's diagnosis, and some weight to Dr. Khan's opinion that Franco Morales had not suffered functional impairment. Although the ALJ found Franco Morales generally credible, the ALJ concluded that Franco Morales had failed to carry his burden of persuasion to prove a work-related psychological condition.

Franco Morales timely appealed to the Benefits Review Board ("BRB") on October 2, 2023, and the BRB affirmed the ALJ's decision on March 4, 2025. Franco Morales timely filed this petition for review on April 30, 2025. We assume the parties' familiarity with the facts, procedural history, and issues on appeal.[1]

**I**

"Our review is limited to whether the BRB made any errors of law and whether substantial evidence supports the ALJ's findings of fact." *Rainey v. Dir.*, *OWCP*, 517 F.3d 632, 634 (2d Cir. 2008). We therefore "review[] questions of law *de novo* and the ALJ's findings of fact for substantial evidence." *Peña Garcia v. Dir.*, *OWCP*, 169 F.4th 111, 116 (2d Cir. 2026). Under the substantial evidence standard, "[i]f the decision of the ALJ is supported by substantial evidence, is not irrational,

---

[1] SOC argues that this court lacks jurisdiction because judicial review of BRB decisions under the Defense Base Act must first be sought in a federal district court. The precedent of this circuit, however, forecloses that argument. *See Serv. Emps. Int'l, Inc. v. Dir., OWCP* (*SEII*), 595 F.3d 447, 452-55 (2d Cir. 2010).

and is in accordance with the law, the decision must be affirmed." *Pietrunti v. Dir., OWCP*, 119 F.3d 1035, 1040 (2d Cir. 1997). "Substantial evidence is such evidence as a 'reasonable mind might accept as adequate to support a conclusion.'" *SEII*, 595 F.3d at 455 (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 477 (1951)). "Where there is substantial evidence to support either position, the determination is one to be made by the factfinder." *Alston v. Sullivan*, 904 F.2d 122, 126 (2d Cir. 1990).

## II

Franco Morales argues that the ALJ erred in concluding that he failed to prove, by a preponderance of the evidence, that he suffered from a psychological injury arising out of his employment in Iraq. In particular, Franco Morales contends that the ALJ misconstrued his testimony concerning his psychological symptoms and improperly relied on the opinion of Dr. Khan. We disagree.

## A

"To recover under the LHWCA, [a petitioner] must demonstrate causation." *Rainey*, 517 F.3d at 634. "Section 920(a) of the … Act creates a presumption that a claim for compensation comes within the provisions of the Act, and 'inherent in this provision is the presumption that an injury is causally related to a worker's employment.'" *Id.* (quoting *Port Cooper/T. Smith Stevedoring Co., Inc. v. Hunter*, 227 F.3d 285, 287 (5th Cir. 2000)). "To invoke this presumption," the petitioner "must make out a *prima facie* case of causation by establishing both that [the petitioner] 'suffered harm, and that workplace conditions could have caused, aggravated, or accelerated the harm.'" *Id.* (alteration omitted) (quoting *Am. Stevedoring Ltd. v. Marinelli*, 248 F.3d 54, 64-65 (2d Cir. 2001)). "Once a claimant makes this *prima facie* showing, 'the burden shifts to the employer to rebut the presumption with substantial evidence that the alleged harmful workplace condition did not cause, contribute to, or aggravate the claimant's condition.'" *Id.* (quoting *Marinelli*, 248 F.3d at 65). "If the employer offers evidence sufficient to rebut the presumption, then it disappears from the case; 'all relevant evidence must be weighed to

determine if a causal relationship has been established, with the claimant bearing the ultimate burden of persuasion.'" *Id*. (alteration omitted) (quoting *Marinelli*, 248 F.3d at 65). For claims under the LHWCA, this burden must be met "by a preponderance of the evidence." *Metropolitan Stevedore Co. v. Rambo*, 521 U.S. 121, 139 (1997).

The ALJ determined that Franco Morales established a *prima facie* case of causation based on his testimony concerning traumatic events that he witnessed while working for Triple Canopy and SOC and the psychological symptoms that he reported. But the ALJ also found that the employers rebutted the presumption of causation through Dr. Khan's opinion that Franco Morales did not suffer from a work-related mental-health condition. These two findings—that (1) Franco Morales established a *prima facie* case and (2) the employers offered evidence sufficient to rebut the presumption—are supported by substantial evidence, and the parties do not challenge the findings on appeal. The disputed question is whether, after weighing the evidence as a whole, the ALJ reasonably determined that Franco Morales failed to carry his "ultimate burden of persuasion" by a preponderance of the evidence. *Marinelli*, 248 F.3d at 65.

**B**

Franco Morales argues that the ALJ "cherry-picked" from his testimony, making his description of his condition appear "vague" and "minor," even though Franco Morales testified that he suffered from forgetfulness, nightmares, sleeplessness, loss of concentration, anger, isolation, unhappiness, and fear concerning his future. Petitioner's Br. 21-22.

Franco Morales misconstrues the ALJ's decision. The ALJ characterized Franco Morales's testimony about symptoms as "vague" because Franco Morales did not describe the onset, frequency, severity, duration, or functional consequences of his symptoms. Moreover, the ALJ did not characterize the symptoms as "minor." The ALJ used that term to describe Franco Morales's

5

complaints that he is required to write reports and check in with a call center once each hour for his current security job.

But even assuming *arguendo* that the ALJ described Franco Morales's testimony too narrowly, Franco Morales has not identified a reversible error. The ALJ already had expressly found that Franco Morales consistently reported his psychological symptoms. Franco Morales's preferred characterization of those symptoms—as more specific, numerous, or serious—would not affect the relevant evidentiary balance. His testimony may establish that he has experienced the symptoms he described, but it does not establish that those symptoms amounted to PTSD caused by his employment.

After the presumption of causation was rebutted, Franco Morales bore the burden of establishing that causal link by a preponderance of the evidence. *See Marinelli*, 248 F.3d at 65. The ALJ determined that the link was not established. The ALJ assigned no weight to Dr. Manrique's opinion and only minimal weight to Dr. Avila's opinion of the diagnosis of PTSD. These findings were supported by substantial evidence. The ALJ noted that the diagnoses relied heavily on self-reported symptoms, contained inconsistencies and inaccuracies, and lacked meaningful diagnostic support.[2] Accordingly, Franco Morales was left principally with his own testimony about his symptoms, and that testimony did not compel the conclusion that he suffered a work-related psychological injury. *See, e.g., Padilla*

---

[2] In any event, Franco Morales did not challenge the weights assigned to his treating physicians' opinions before the BRB. *See Franco Morales v. SOC, LLC*, No. 23-0417, 2025 WL 1148553, at *4 (BRB Mar. 4, 2025) ("[A]s Claimant does not challenge the ALJ's findings regarding the weight he gave Claimant's treating physicians' medical opinions, we also affirm those findings."). His petition for review also does not challenge either the ALJ's findings or the BRB's affirmance of the findings. "We therefore deem the argument forfeited." *Littlejohn v. City of New York*, 795 F.3d 297, 313 n.12 (2d Cir. 2015); *see also Dedic v. U.S. Dep't of Labor*, No. 24-1447, 2025 WL 1202045, at *2 (2d Cir. Apr. 25, 2025) (concluding that a petitioner "failed to raise this argument before the Board, so it is forfeited").

*Morales v. Triple Canopy, Inc.*, No. 23-0327, 2024 WL 3823714, at *5 (BRB July 3, 2024) ("Despite finding Claimant's testimony credible, the ALJ, in accordance with his discretion, rationally concluded the totality of Claimant's statements, in conjunction with the medical opinion evidence, are insufficient to meet his ultimate burden of persuasion to establish, by a preponderance of the evidence, that his psychological injury is work-related.") (footnote omitted).

Even accepting Franco Morales's account of his testimony, therefore, substantial evidence would still support the ALJ's conclusion that Franco Morales failed to carry his ultimate burden of persuasion.

C

Franco Morales also challenges the ALJ's decision to give "some weight" to Dr. Khan's conclusion that his symptoms did not "rise to the level of causing functional problems." Special App'x 399. He argues that Dr. Khan's analysis improperly focused on his ability to *work*, even though Criterion G of the DSM-5 is more broadly concerned with impairment in other important areas of functioning. *See* Petitioner's Br. 29-31. As an initial matter, it is not clear that Dr. Khan's analysis was so limited. In the portion of her report that the ALJ credited, she considered several symptoms unrelated to Franco Morales's employment, including his nightmares, war thoughts, insecurity, irritability, distrust of others, and nervousness in response to certain sounds. *See* App'x 153. The discussion does not seem to be confined to occupational functioning.

In any event, even if Franco Morales were correct and Dr. Khan's opinion were entitled to less weight, Franco Morales still would not establish a reversible error. The ALJ did not treat Dr. Khan's opinion as dispositive. He assigned it only "some weight," expressly acknowledged misgivings about portions of her report, and described the employers' evidence as a whole as "wanting." Special App'x 399. The ALJ did not deny benefits because he found the employers' evidence more compelling but rather because Franco Morales failed to prove his case by a preponderance of the evidence.

7

Once the employers rebutted the presumption of causation, Franco Morales bore the ultimate burden of establishing by a preponderance of the evidence that he suffered from a psychological injury caused by his employment. *See Marinelli*, 248 F.3d at 65. And the record before us does not compel the conclusion that he met that burden. Regardless of the weight afforded to Dr. Khan's opinion, Franco Morales's credible testimony established only that he experienced psychological symptoms. He introduced very little medical evidence linking those symptoms to a work-related injury.

Discounting the employers' evidence would not cure the deficiency in Franco Morales's own evidence because the ultimate question was not whether the employers conclusively disproved his claim but whether Franco Morales affirmatively proved it by a preponderance of the evidence. The ALJ's conclusion that he did not cannot be said to lack substantial evidence. We conclude that the ALJ's conclusion was rational, supported by substantial evidence, and in accordance with law.

\* \* \*

We have considered Franco Morales's remaining arguments, which we conclude are without merit. For the foregoing reasons, we deny the petition for review.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

8